

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00267-CR

---

Ex Parte David Quinonez

---

## AN ORIGINAL PROCEEDING IN HABEAS CORPUS

---

## MEMORANDUM OPINION

David Quinonez, who is self-represented, has filed multiple, handwritten documents, to include a motion for new trial, a motion in limine, a motion "in other," jury instructions, and inmate grievance forms. We consider these documents together and construe them as a petition for extraordinary relief. *See* Tex. R. App. P. 52.1. We dismiss the petition.

The documents provide inadequate information to begin to address the legal merits. First, Quinonez does not name a Respondent, and it is unclear from whom he is seeking relief. Second,

it is difficult to discern the precise nature of his complaint or complaints. Consequently, it is unclear what remedy or relief he seeks.

For example, within his various documents, Quinonez repeatedly mentions an 11.07 application for writ of habeas corpus that was denied by the Court of Criminal Appeals without written order, on January 8, 2014.[1] He complains that the trial court erred during his original trial by overruling his writ.

Article 11.07 provides the exclusive remedy for post-conviction relief from a felony conviction imposing a penalty other than death, and it vests exclusive jurisdiction over such relief in the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07, § 1. "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Thus, to the extent that Quinonez seeks any post-conviction relief under an 11.07 application for writ of habeas corpus, we have no jurisdiction to grant him any relief. *Id.*

Moreover, "we do not have authority to review the Court of Criminal Appeals' rulings." *Poledore v. State*, Nos. 01-14-01001-CR, 01-14-01002-CR, 01-14-01003-CR, 2015 WL 967611, at *2 (Tex. App.—Houston [1st Dist.] March 3, 2015, no pet.) (mem. op., not designated for publication) (per curiam) (citing Tex. Const. art. V, § 5(a)). Thus, to the extent that Quinonez's documents seek to challenge the Court of Criminal Appeals' denial of his 11.07 application for habeas corpus, we lack jurisdiction to review that ruling.

---

[1] Quinonez refers to Cause No. 20110D02123, which appears to be the cause number for his underlying felony conviction in the 171st Judicial District Court of El Paso County. Quinonez did not file a direct appeal from his conviction, but he did file a post-conviction writ of habeas corpus, which was docketed by the Court of Criminal Appeals as Cause No. WR-80,688-01 and was denied without written order. *See* Tex. Judicial Branch, https://search.txcourts.gov/Case.aspx?cn=WR-80,688-01&coa=coscca.

Finally, Quinonez's documents also include inmate grievance forms issued by the Texas Department of Criminal Justice. This Court does not have supervisory jurisdiction over the Texas Department of Criminal Justice. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district [or] county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. The Texas Department of Criminal Justice is not a party against whom we may issue a writ of mandamus. Nor has Quinonez demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction. To the extent that Quinonez seeks mandamus relief against the Texas Department of Criminal Justice, we have no jurisdiction to grant him any relief.

For the above reasons, we dismiss Quinonez's petition for want of jurisdiction, and we dismiss any pending motions as moot.

GINA M. PALAFOX, Justice

July 16 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

3